**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                           **No. 3:07mj305**

**MICHELLE L. INGRAM,**

_____

### ORDER

This matter is on remand from the district judge for entry of an appropriate order required by Rule 9(b) and *In Re Smith*, 823 F.2d 401, 402 (11th Cir. 1987). Defendant has moved to stay execution of her sentence so that she can appeal (doc. 28).  The motion was previously denied (doc. 29), and this order states the reasons for the order of denial and confirms it.

Defendant was charged with two counts of driving under the influence (DUI) in violation of 18 U.S.C. §§ 7 and 13 and Fla. Stat. §  316.193.  The two offenses occurred on Eglin Air Force Base (EAFB or the base) within the special maritime and territorial  jurisdiction of the United States, on October 7 and October 10, 2007.  On February 29, 2008 defendant pleaded guilty in this court to both counts.  At the plea colloquy defendant was informed that the second offense carried a mandatory ten day sentence of imprisonment, among other penalties, which defendant indicated she understood.[1]  After accepting defendant's guilty pleas, the court ordered a pre-

---

[1]  Although the defendant had been told at the plea colloquy that she faced a minimum mandatory ten day sentence, and although the unchallenged PSR agreed, the court raised the possibility at sentencing that this could be incorrect since there had been no conviction prior to the second offense, and the court was unsure

sentence investigation report (PSR), which disclosed that defendant was the dependent wife of a then-deployed service member and was living on base at the time of the offenses.  The PSR also stated that the minimum mandatory sentence for the second offense was ten days incarceration.  There were no objections to the PSR.  The following additional facts are set out in the PSR and are not disputed.

1.    On October 17, 2007 the defendant was convicted in this court of driving with a suspended license (DWLS), without knowledge.  The offense date was July 3, 2007.  She was fined $60, and a $5 special monetary assessment was imposed.  The offense occurred when defendant was stopped for speeding on EAFB and law enforcement determined that her Virginia drivers license had been suspended.  Defendant said she did not know her license had been suspended, and the United States did not charge her for driving "with knowledge."[2]

2.    On October 7, 2007 (after the DWLS offense but before conviction) defendant was arrested for DUI on the base.  On October 10, 2007 she was arrested for a second DUI offense.

In her sentencing memorandum defendant indicated that when she was originally cited for DWLS, the base imposed a two year base driving restriction.  She further indicated that during the summer of 2007 she successfully cleared up the Virginia license problem, had been issued a valid Florida drivers license, and had

---

of the statutory requirement.  Still, the court felt that under the circumstances a period of incarceration was indicated whether it was mandatory or not, and so stated.  Defendant could have been sentenced to consecutive terms of six months and nine months, for a total of fifteen months on the two DUI offenses.  Instead, she was sentenced to ten (10) days.

Fla. Stat. § 316.913(6)(b) provides that the mandatory minimum is required for an offense that occurs within a period of 5 years "after the date of a prior conviction."  In this case the offenses occurred within three days of each other, but without an intervening conviction.  In *Pulaski v. State*, 540 So.2d 193 (Fla. 2nd DCA 1898), although not exactly on point, the court held that an intervening *conviction* is not necessary for an enhanced sentence (in that case a longer license suspension), only a prior *offense*, in which case the ten day sentence here was indeed mandatory.  Defendant here has never claimed that the ten day sentence is not mandatory.

[2]  Plaintiff's submissions show that, whatever the reasons for the suspension of her license in Virginia, her Virginia drivers license had expired on June 30, 2007.  Doc. 20, ex. 2.

*Case No: 3:07mj305/MD*

requested that the base reinstate her driving privileges.  The court accepted these representations as true.

At the sentencing hearing (and in her sentencing memorandum (doc. 20)) defendant's counsel made a sincere and emotional request that defendant not be incarcerated due to personal and mental difficulties.  He argued that defendant's husband was on assignment outside the United States during the relevant time and defendant was living on base with her children, but because of the base driving restriction could not drive herself for medical care, to buy groceries, or for other errands, and she could not drive her children for school and related activities.  She felt that she was trapped in her home, and "self-medicated" in an effort to deal with her problems.  All of this, counsel stated, led to defendant's two DUI offenses.

Defendant was sentenced to two (2) years probation on count one, and ten (10) days incarceration on count two followed by one year supervised released, concurrent with the probationary sentence in count one, plus fines and special monetary assessments.  She now seeks to delay reporting for service of her sentence while she appeals its imposition.  Defendant concedes that such a request must be based on a substantial question of law, and must not be made for purposes of delay.  *United States v. Giancola*, 754 F.2d 898, 900-901 (11th Cir. 1985).  Defendant contends that there is a substantive sentencing issue here because the sentence was "unreasonable and far greater than necessary to ensure compliance with the sentencing factors in 18 U.S.C. § 3553(a)."  (Doc. 28, at 5).  She contends, as she contended at sentencing, that she has no prior criminal record; that she has sought and is seeking mental health counseling; that she has rigorously followed the requirements of this court's order of release imposed at first appearance; that she has pro-actively engaged in counseling and community service; that given her pre-existing mental and emotional state, incarceration would subject her to greater harm than rehabilitation; and that with or without the ten day sentence, the other terms of

probation are unnecessary because she is already doing what is required.  She further refers to a report from her psychiatrist dated October 10, 2007 (the date of the second DUI offense) which states that in 2004 she was diagnosed with major depression disorder, recurrent, severe, and "consideration of" bipolar disorder; that she was under stress because of her husband's absence and her loss of driving privileges; and that she was self-medicating because she had been dealt with in a punitive fashion by the Air Force and had been provided with no support.  Doc. 20, ex. 5.

While defendant's circumstances were unfortunate, the court does believe her reasons paint quite the dire picture she contends.  She admits that her husband's expected return from deployment (in Honduras) was mid-August 2007, prior to the October DUI offenses (she has not given the court the actual date of his return; the psychiatrist indicates it was September 15, 2007), and further admits that her driving privileges had been reinstated by EAFB, at least temporarily, for the period September 20 to October 20, 2007 (doc. 20, p. 4).  Thus, while plaintiff had some reason to feel trapped in her home from early July, 2007 until mid August, 2007 when her husband presumably returned, by the dates of her DUI offenses she had both her husband and her driving privileges back.  Her psychiatrist's report does not address her DUI incidents, and does not directly support her claim that incarceration would do greater harm than rehabilitation.

While the court is sympathetic to the sacrifices made by members of the armed forces and their families, defendant has not presented justification that compels a departure from the statutory mandatory minimum.  Rehabilitation is one of the reasons for imposing any sentence, but the statute also requires the court to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  The sentence imposed in this case was well within the statutory maximum and was the

same sentence that the court ordinarily imposes for second offense DUI convictions. Defendant was given the option of serving her sentence on week-ends.  She may have had reasons for getting behind the wheel of an automobile while impaired, twice in a three day period, but she has not shown such exceptional circumstances as to justify a sentence below what was imposed.  As to her argument that the probationary conditions of the sentence are excessive because they are already being done, defendants are always given credit for acceptable community service performed prior to sentencing, additional mental health counseling at the government's expense is not onerous, and DUI school is statutorily mandated and uniformly imposed by this court.

The court finds that the defendant is neither a risk of flight nor a danger to the community, and that the relief sought is not for purposes of delay.  The court further finds defendant has failed to present a "substantial question of law" that is a "close question" see *Giancola, supra,* and 18 U.S.C. § 3143(b)(1), and that she has not "clearly shown exceptional circumstances," 18 U.S.C. §  3145(c), such as to justify the stay requested.

Accordingly, it is ORDERED, that defendant's request to stay execution of her sentence is DENIED as stated in the court's order of June 11, 2008 (doc. 29).[3]


DONE AND ORDERED at Pensacola, Florida this 17th day of June, 2008.


/s/ *Miles Davis*
   MILES DAVIS
   UNITED STATES MAGISTRATE JUDGE

---

[3]   The court recognizes that this is ineffective at this point since the district judge has entered a separate stay.